IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON LEMON | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-13-1575 |
| | * | |
| STATE OF MARYLAND | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

Aaron Lemon ("Lemon") filed a notice of removal to this court on May 30, 2013. For reasons to follow, the case will be remanded to the Circuit Court for Baltimore City.

**I.    Background**

Lemon is seeking to remove criminal case no. 813032017 pending in the Circuit Court for Baltimore City to this court. In the state case, Lemon is charged with possession of marijuana and scheduled for a jury trial on June 13, 2013.[1]

**II.   Discussion**

Federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). There is no presumption of jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Further, courts strictly scrutinize motions to remove because there is a strong presumption against removal jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Company,* 29 F.3d 148, 151 (4th Cir. 1994). This presumption places the "burden of establishing federal jurisdiction ... upon the party seeking removal." *See id.* at 151 (citation omitted). Defendant claims that removal is warranted because this court has both subject matter jurisdiction and diversity jurisdiction. Removal statutes are strictly construed because removal

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=813032017&loc=69&detailLoc=DSK8

of cases from state to federal court raises significant federalism concerns. *See Maryland Stadium Authority v. Ellerbe Becket, Inc.,* 407 F.3d 255, 260 (4th Cir. 2005) (noting the duty to construe removal jurisdiction strictly because of the significant federalism concerns). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (*en banc*); *Hartley v. CSX Transportation Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

Lemon seeks to remove a pending state criminal action to this federal district court. Absent extraordinary circumstances, which are neither alleged nor suggested here, federal courts are not authorized to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989), the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.[2] *Id.* Insofar as Lemon claims his state criminal proceedings violate his constitution rights, "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

The instant removal matter fits squarely within the parameters outlined in *Younger* and *Cinema Blue*. Accordingly, this court declines to exercise jurisdiction over this case and will remand it by separate order to follow. 887 F.2d 49, 52 (4th Cir. 1989).

June 3, 2013  /s/
Date  Ellen Lipton Hollander
  United States District Judge

---

[2] This court expresses no opinion as to the merits of Lemon's claims.